UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Lawanda Bolden,

    Plaintiff,                                    Case No. 1:12cv41

    v.                                            Judge Michael R. Barrett

Village of Lincoln Heights, *et al.*,

    Defendants.

## ORDER & OPINION

This matter is before the Court upon Defendant the Village of Lincoln Heights' Motion for Partial Judgment on the Pleadings. (Doc. 8.) Plaintiff has filed a Memorandum in Response and Opposition (Doc. 11) and Defendant has filed a Reply (Doc. 12).

### I. BACKGROUND

The claims in this matter stem from what Plaintiff Lawanda Bolden alleges is "a deliberate campaign of harassment against William Franklin, and anyone associated with him." (Doc. 1, ¶ 62.) This campaign of harassment is allegedly conducted by the Village of Lincoln Heights Police Department, but principally by Defendant Police Officer Phillip Capps. (Id., ¶ 19.) Franklin has brought his own claims, which are pending before the undersigned. *See William Franklin v. Village of Lincoln Heights, et al.*, Case No. 1:10-cv-515. The alleged campaign of harassment has spurred two other lawsuits, also pending before the undersigned. *See Gary Brown v. Village of Lincoln Heights, et al.*, Case No. 1:11-cv-835 and *Otis Garner v. Philip Capps*, Case No. 1:13-cv-589.

In this case, according to the Complaint, Plaintiff is a licensed food cart vendor

who often stationed her cart outside Franklin's house, located in the Village of Lincoln Heights. (Id., ¶¶ 23-25.) Franklin is Plaintiff's cousin. (Id., ¶ 22.) The campaign of harassment against Franklin includes "cruising by his house or parking outside his house for no legitimate police purpose, stopping persons coming to or leaving Franklin's house for questioning and to show identification, pulling over cars driven by persons leaving Franklin's house to demand licenses and registration papers and generally harassing Franklin and attempting to provoke confrontations with him. (Id., ¶ 20.) On more than one occasion, Officer Capps stopped Plaintiff and demanded to see her vendor's license. (Id., ¶ 25.)

In October of 2010, Plaintiff was assaulted by her half-brother, Delrico Simons, while she was at her food cart outside Franklin's house. (Id., ¶ 27.) Simons had previously assaulted Plaintiff, and a civil protective order was issued against him. (Id.) After the assault, Plaintiff ran inside Franklin's house and locked herself in the bathroom. (Id, ¶ 28.) Neighbors chased after Simons and beat him severely. (Id., ¶ 29.)

Two weeks later, Officer Capps asked Plaintiff to come to the Lincoln Heights police station for questioning about the incident. (Id., ¶ 31.) However, when Plaintiff arrived at the police station, she was told that they did not have the necessary equipment at the station to video and audio tape the interview. (Id., ¶ 34.) Plaintiff then left for work. (Id., ¶ 35.)

Nine days later, while Plaintiff was setting up her food cart in front of Franklin's house, Officer Capps arrived and told Plaintiff she was under arrest for obstructing official business. (Id., ¶¶ 36, 39-41.) Officer Capps placed Plaintiff in handcuffs and

Plaintiff was held at the Hamilton County Justice Center for approximately seven hours. (Id., ¶¶ 45, 47-48.) The charge against Plaintiff was later dismissed. (Id., ¶ 61.)

Plaintiff brings claims against the Village alleging violations of her Fourth, Fifth, Eighth and Fourteenth Amendment rights pursuant to 42 U.S.C. § 1983, Article I, §§ 1, 9, and 14 of the Ohio State Constitution (Count I), as well as a state law claim for negligent and intentional infliction of emotional distress (Count III). (Doc. 1.)

In its Motion, the Village argues that Plaintiff's constitutional claims under the Fifth, Eighth and Fourteenth Amendments should be dismissed as a matter of law. The Village also argues that it is entitled to immunity from Plaintiff's state law claims. In her Response, Plaintiff agrees, in part, that the Village is entitled to judgment as a matter of law. Plaintiff agrees to amend her complaint to eliminate any references to the Fifth and Eighth Amendments to the U.S. Constitution, to the Ohio Constitution, and to dismiss the state law claims in Count III against the Village. However, Plaintiff maintains that her claim for false arrest, malicious prosecution and abuse of process claim under the Fourth Amendment and her claim for a violation of her due process right under the Fourteenth Amendment should not be dismissed.

II. **ANALYSIS**

A. **Standard of Review**

The standard of review for a Rule 12(c) motion is the same as for a motion under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. *Fritz v. Charter Tp. of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010). "For purposes of a motion for judgment on the pleadings, all well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the

moving party is nevertheless clearly entitled to judgment." *Id.* (quoting *JPMorgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 581 (6th Cir. 2007)). The factual allegations in the complaint need to be sufficient to give notice to the defendant as to what claims are alleged, and the plaintiff must plead "sufficient factual matter" to render the legal claim plausible, *i.e.*, more than merely possible. *Id.* (citing *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949-950 (2009)). Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft*, 129 S.Ct. at 1949 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 556 (2007)).

### B. <u>Section 1983</u>

Section 1983 imposes civil liability on a person acting under color of state law who deprives another of the "rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983. Therefore, a plaintiff must allege two elements to establish a *prima facie* case under section 1983: (1) that the action occurred "under color of law"; and (2) that the action was a deprivation of a constitutional right or a federal statutory right. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981) *overruled on other grounds by Daniels v. Williams*, 474 U.S. 327 (1986).

For section 1983 liability to attach to a municipality, a plaintiff must offer proof of a wrongful or injurious policy or custom on the part of the city and a causal link between the policy or custom and her constitutional deprivation. *City of Canton v. Harris*, 489 U.S. 378, 385-86 (1989). A municipality cannot be sued on a *respondeat superior* basis. *Monell v. Department of Social Servs.*, 436 U.S. 658, 691 (1978). Instead, "a plaintiff seeking to impose liability on a municipality under § 1983 to identify a municipal

'policy' or 'custom' that caused the plaintiff's injury." *Bd. of Cnty. Comm'rs of Bryan Cnty., Okl. v. Brown*, 520 U.S. 397, 403 (1997) (citing *Monell*, 436 U.S. at 694). "The plaintiff must also demonstrate that, through its deliberate conduct, the municipality was the 'moving force' behind the injury alleged. That is, a plaintiff must show that the municipal action was taken with the requisite degree of culpability and must demonstrate a direct causal link between the municipal action and the deprivation of federal rights." *Id.* at 404.

In some instances, a single decision by a policymaker may be sufficient to satisfy the "policy requirement." *Pembaur v. City of Cincinnati*, 475 U.S. 469, 480 (1986). However, "[w]here a plaintiff claims that the municipality has not directly inflicted an injury, but nonetheless has caused an employee to do so, rigorous standards of culpability and causation must be applied to ensure that the municipality is not held liable solely for the actions of its employee." *Bryan Cnty*, 520 U.S. at 405 (citing *Canton v. Harris*, 489 U.S. 378, 391-92 (1989)).

### C. Fourth Amendment

In its Motion, the Village did not address Plaintiff's claims for malicious prosecution, false arrest and abuse of process in so far as those claims were brought under the Fourth Amendment. Therefore, those claims remain pending.

However, the Village did address Plaintiff's claim for abuse of process, which would be brought under the Fourth Amendment. The Village argues that the Sixth Circuit has not specifically determined whether abuse of process is a cognizable claim pursuant to 42 U.S.C. § 1983. Plaintiff did not respond to this argument. The failure to address an argument raised in a dispositive motion is grounds for dismissing the claim.

*See Dage v. Time Warner Cable*, 395 F.Supp.2d 668, 679 (S.D.Ohio 2005) (plaintiff abandoned claim by failing to address it in responsive briefing).

Moreover, as the Village has pointed out, "[t]he Sixth Circuit has not 'specifically determined whether a claim for abuse of process is a cognizable constitutional claim that can be redressed pursuant to § 1983.'" *Garcia v. Thorne*, 520 F. App'x 304, 311 (6th Cir. 2013) (quoting *Voyticky v. Village of Timberlake, Ohio*, 412 F.3d 669, 676 (6th Cir. 2005)). Accordingly, Plaintiff's claim for abuse of process under the Fourth Amendment is DISMISSED.

### D. Fourteenth Amendment

Plaintiff claims a deprivation of liberty without due process of law in violation of the Fourteenth Amendment. However, reliance upon the Due Process Clause is misplaced in this context because it is the Fourth Amendment that establishes protections in the criminal justice system. *Radvansky v. City of Olmsted Falls*, 395 F.3d 291, 313 (6th Cir. 2005). "Fourth Amendment was tailored explicitly for the criminal justice system, and its balance between individual and public interest always has been thought to define the 'process that is due' for seizures of persons or property in criminal cases, including detention of suspects pending trial." *Id.* (quoting, Gerstein v. Pugh, 420 U.S. 103, 125 n. 27 (1975)). The Due Process Clause does not mandate any additional safeguards beyond the Fourth Amendment. *Id.*

Accordingly, Plaintiff's claim for a violation of substantive due process under the Fourteenth Amendment is DISMISSED.

### III. CONCLUSION

Based on the foregoing, it is hereby ORDERED that:

6

1. Defendant, the Village of Lincoln Heights' Motion for Partial Judgment on the Pleadings (Doc. 8.) is hereby **GRANTED**;

    a. Plaintiff's claims under the Fifth, Eighth and Fourteenth Amendments against the Village in Count I are DISMISSED;

    b. Plaintiff's claim for abuse of process under the Fourth Amendment against the Village in Count I is DISMISSED;

    c. Plaintiff's state law claims against the Village in Count III are hereby DISMISSED;

2. Plaintiff is granted leave to amend her complaint in accordance with this Order. Any amended complaint is to be filed with **fourteen (14) days** of entry of this Order.

**IT IS SO ORDERED.**

             *s/Michael R. Barrett*
             JUDGE MICHAEL R. BARRETT